LAYNE CENTRAL CO. *v.* GULF COAST ICE CO. *et al.*

(Division B.   Oct. 22, 1934.)

[157 So. 84.   No. 31388.]

Eaton & Eaton, of Gulfport, for appellant.

Mize, Thompson & Mize, of Gulfport, for appellee.

Ethridge, P. J., delivered the opinion of the court.

The Layne Central Company, a corporation, filed a bill in the chancery court of Harrison county against the Gulf Coast Ice Company, a corporation, Anticich Packing Company, and O. G. Swetman, trustee, alleging that, under a contract with the Gulf Coast Ice Company, the Layne Central Company dug and installed an artesian well with pump and fittings on the premises of the Gulf Coast Ice Company, reserving title to the property affixed to the well until it should be paid for. The Gulf Coast Ice Company executed three promissory notes in which the title was reserved for the machinery and fittings, and in which it was stipulated that they were to remain personal property until the notes were paid.

Prior to the execution of this contract, the Gulf Coast Ice Company had executed a deed of trust to the Anticich Packing Company as beneficiary conveying to O. G. Swetman, as trustee, the premises on which the Ice Company's plant was situated.

It was alleged that after default in this deed of trust, at the instance of the Anticich Packing Company, the trustee, O. G. Swetman, foreclosed said deed of trust and executed a deed to the Anticich Packing Company.

It is further alleged that the Anticich Packing Company claimed all the material furnished by the Layne Central Company as part of the realty which passed under the trustee's deed.

The bill prayed for a return of the property, or, in the alternative, for its value, and for general relief.

There was a demurrer to the bill, alleging that there was no equity on its face, which demurrer was sustained, and the defendant declining to plead further, the bill was dismissed, from which this appeal is prosecuted.

It is claimed in defense of the act of the chancery court in dismissing the bill that the demurrer was correctly sustained, because the complainant had an adequate remedy at law, and also because the Layne Central Company's property, when it was attached to the artesian well, became a part of the realty and passed with the conveyance to the Anticich Packing Company.

We think the chancery court had jurisdiction of the case regardless of the fact that the complainant might have resorted to replevin in a court of law for the recovery of the property sold to the Ice Company with the stipulation above referred to. The effect of reserving title to secure payment of a note is to create a lien for the purchase money, and we think the chancery court has jurisdiction to grant the relief prayed for should the allegations of the bill be sustained. In 10 R. C. L. 350, section 100, it is said that: "The right to a lien was, it seems, first recognized in equity, and although in later times courts of law also assumed jurisdiction in such cases, the better rule, as supported by the weight of authority, is that thereby the ancient jurisdiction of the chancellor was not lost, but that, equity still exercises jurisdiction concurrent with courts of law to enforce liens." See, also, Greil Bros. v. City of Montgomery, 182 Ala. 291, 62 So. 692, Ann. Cas. 1915D, 738, and other authorities cited in Mississippi and Southern Digest, title Equity, 20; and Swalm v. Sauls, 141 Miss. 515, 106 So. 775.

Furthermore, even if the chancery court did not have jurisdiction, it would have been its duty to transfer the

case to the proper court and not dismiss it. Constitution of 1890, section 162.

The property sold by the appellant to the Gulf Coast Ice Company, being sold subsequent to the execution of the mortgage, and title being reserved, and it being stipulated that the property should remain personal property until payment therefor was made, did not become, as against the appellant, subject to the prior mortgage. 26 C. J. 684, sec. 50; John Van Range Co. v. Allen (Miss.), 7 So. 499; Duke v. Shackleford, 56 Miss. 552; Cox v. New Bern Lighting & Fuel Co., 151 N. C. 62, 65 S. E. 648, 134 Am. St. Rep. 966, 18 Ann. Cas. 936, and numerous authorities cited in these cases.

The removal of the articles sold by the appellant to the Ice Company in no manner prejudiced or diminished the security of the Anticich Packing Company. The mortgagee, in cases of after-acquired property where title is reserved, has only such rights as the mortgagor would have had if no mortgage had been given.

The judgment of the court below will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.