# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 93-CA-00259-SCT

*DOUGLAS E. BENEDICT, SR.*

*v.*

*CITY OF HATTIESBURG, MISSISSIPPI, CARLYNN COURTNEY, IN HER OFFICIAL CAPACITY AS CITY OF HATTIESBURG ELECTION COMMISSIONER; GEORGE ZECOUX, IN HIS CAPACITY AS CITY OF HATTIESBURG ELECTION COMMISSIONER; SAM BUCHANAN, IN HIS OFFICIAL CAPACITY AS CITY OF HATTIESBURG ELECTION COMMISSIONER; HAZEL WATKINS, IN HER OFFICIAL CAPACITY AS CITY OF HATTIESBURG ELECTION COMMISSIONER; AND ETHEL POLLARD, IN HER OFFICIAL CAPACITY AS CITY OF HATTIESBURG ELECTION COMMISSIONER AND CBL & ASSOCIATES, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/03/93 |
| TRIAL JUDGE: | HON. SEBE DALE JR. |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JAMES D. HARRELL IV |
| | MICHAEL C. BAREFIELD |
| | STONE D. BAREFIELD |
| ATTORNEYS FOR APPELLEES: | JERRY A. EVANS |
| | ROBERT L. ROGERS, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 5/8/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/29/97 |

**BEFORE PRATHER, C.J., PITTMAN AND McRAE, JJ.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE AND FACTS[1]

¶1. Douglas E. Benedict, Sr., filed a complaint against the City of Hattiesburg, et al., ("Hattiesburg"). This complaint was filed the same day that an election was held regarding the question of permitting or prohibiting the use, possession and sale of alcoholic beverages in the area of Lamar County located within the City of Hattiesburg. Prior to the completion of the election, Benedict filed his complaint in the Chancery Court of Lamar County, Mississippi, seeking a declaratory judgment and injunctive relief. The Election Commission of the City of Hattiesburg certified the results of the election to the City of Hattiesburg, which issued its order purportedly legalizing the sale and possession of alcoholic beverages pursuant to § 67-1-14 of the Mississippi Code Annotated.

¶2. Benedict alleges that this election was without legal authority because Lamar County had never held a county-wide local option election pursuant to § 67-1-11. The gravamen of Benedict's complaint is that Hattiesburg made an erroneous factual finding in proceeding under Miss. Code Ann. § 67-1-14(b) or, alternatively, that § 67-1-14 is unconstitutional. Benedict alleges that Hattiesburg erred in finding that it could hold an election under § 67-1-14 because Lamar County never has voted against coming out from under Mississippi's prohibition laws. Alternatively, Benedict alleges that § 67-1-14 violates the Mississippi Constitution, and that, in this case, § 67-1-14 also violates the Fourteenth Amendment to the United States Constitution in that he has been deprived of a right to vote.

¶3. The following timetable may be helpful in sorting through the various filings that were made in this proceeding. All filings were made in Chancery Court of Lamar County unless otherwise noted.

11-03-92 Benedict filed his original complaint. Election Day.

11-20-92 Benedict filed his amended complaint.

12-04-92 Hattiesburg filed its motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim, lack of standing, and failure to join an indispensable party.

12-10-92 CBL & Associates, Inc. ("CBL"), filed a motion to intervene.

12-16-92 Benedict filed a response to the motion to intervene.

12-16-92 A hearing was held on the motion to intervene. The court granted CBL leave to intervene and ordered it to file its pleadings within ten days.

12-23-92 Benedict filed his response to Hattiesburg's motion to dismiss.

12-28-92 CBL filed a motion to dismiss.

1-11-93 The court filed a memorandum opinion and corresponding order transferring the venue of the subject case to the Chancery Court of Forrest County and dismissing the action based upon lack of subject matter jurisdiction pursuant to § 11-51-75 of the Miss. Code Ann.

1-21-93 Benedict filed a motion to alter or amend the judgment of dismissal or, in the alternative, motion for a new trial.

2-03-93 Hattiesburg and CBL filed responses to Benedict's motion to alter or amend the judgment of dismissal or, in the alternative, motion for a new trial.

2-08-93 The court entered an order denying Benedict's motion to alter or amend the judgment of dismissal or, in the alternative, motion for a new trial.

Aggrieved by the decision of the court below, Benedict filed his notice of appeal, asserting the following as error:

> **I. THE CHANCELLOR ERRED IN DISMISSING THE ACTION FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO § 11-51-75 OF THE MISSISSIPPI CODE ANNOTATED.**

> **II. IN THE ALTERNATIVE, IF THE CHANCERY COURT DID NOT HAVE JURISDICTION OF THE SUBJECT CASE, THE PROPER REMEDY WAS NOT DISMISSAL, BUT TRANSFER TO THE CIRCUIT COURT PURSUANT TO ARTICLE 6, § 162 OF THE MISSISSIPPI CONSTITUTION OF 1890.**

¶4. After careful review of the briefs of the parties involved and the record from the court below, we find that the chancellor was correct in holding that the chancery court lacked jurisdiction. However, he should have transferred the case to circuit court. Therefore, the case must be reversed and remanded to circuit court.

## DISCUSSION OF LAW

### Standard of Review

¶5. Absent an abuse of discretion, this Court will uphold the decision of the chancellor. This Court will not disturb the factual findings of the chancellor unless said factual findings are manifestly wrong or clearly erroneous. ***McAdory v. McAdory***, 608 So. 2d 695, 699 (Miss. 1992). Thus, we must look to the decision of the chancellor to determine if it was manifestly wrong or clearly erroneous.

> **I. THE CHANCELLOR ERRED IN DISMISSING THE ACTION FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO § 11-51-75 OF THE MISSISSIPPI CODE ANNOTATED.**

¶6. The chancellor issued a two-page memorandum opinion and a corresponding judgment of dismissal. In his memorandum opinion, the chancellor first notes that Benedict requested injunctive relief in his complaint. This was never "brought to the fore" and the election was held, so that claim is moot and the chancellor dismissed it. The chancellor then addressed one basis for dismissal raised by Hattiesburg and CBL -- improper venue. The chancellor found that the case was filed in the wrong venue in lieu of § 11-45-25.[(2)] However, rather than dismissing upon this basis as Hattiesburg and CBL petitioned, the chancellor transferred the case pursuant to M.R.C.P. Rule 82 to the proper venue. The chancellor in the present case was not only the chancellor in Lamar County where the case originated, but also in Forrest County where the case was transferred. Thus, he proceeded to the "ultimate decision herein while simultaneously curing the 'technical' defect" of improper venue.

¶7. Hattiesburg and CBL provided the chancellor with numerous bases for dismissal of the complaint.

The chancellor found that it was unnecessary to reach all the reasons asserted and dismissed the case due to lack of subject matter jurisdiction. Because Benedict had a "complete, adequate and exclusive remedy at law as provided and mandated by the provisions of Section 11-51-75, Miss. Code Ann. 1972, i.e., appeal to the Circuit Court," the chancellor found that the Chancery Court of Forrest County was without jurisdiction and granted the motion to dismiss.

¶8. First, Benedict argues that § 11-51-75 does not apply in this case. He asserts that when he filed his complaint on November 3, 1992, there was no decision by Hattiesburg for Benedict to appeal pursuant to § 11-51-75. Hattiesburg does not respond to this argument or the chancellor's ruling, but rather asserts that Benedict does not have standing. CBL does respond to Benedict's argument that § 11-51-75 does not apply and states that it does apply and is Benedict's exclusive remedy (repeating the chancellor's opinion). Further, CBL argues that the injunctive relief sought by Benedict is moot and, therefore, the declaratory judgment claim does not have any pendent jurisdiction to be in chancery court. Benedict asserts that § 11-51-75 does not apply and that he still has a claim for injunctive relief that is alive and well, thus, the declaratory judgment claim is properly in chancery court due to pendent jurisdiction.

¶9. First, this Court must determine if the chancellor was correct in holding that § 11-51-75 is the exclusive remedy available to Benedict. If so, the chancellor was correct in holding that the court lacked subject matter jurisdiction. Section 11-51-75 reads in pertinent part as follows:

> Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall . . . determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment.

Miss. Code Ann. § 11-51-75 (1972).

¶10. This Court has held that any act of a county or municipality which leaves a party aggrieved is appealable under § 11-51-75. *South Central Turf, Inc. v. City of Jackson*, 526 So. 2d 558 (Miss. 1988). In *South Central Turf*, the chancery court dismissed appellant's complaint, which sought damages and injunctive relief, holding that the appellant's "exclusive remedy was appealed under § 11-51-75." *South Central Turf*, 526 So. 2d at 560. This Court held that "[t]he statute clearly directs that appeals from judgments or decisions of municipal authorities are to be taken to the circuit court, except where the subject of the appeal is the issuance and sale of bonds, in which case, the appeal is made to the chancery court." *Id.* at 561. The appealable action in *South Central Turf* was a city council's award of a lease contract for golf carts. On appeal, this Court stated that:

> We are of the opinion that the action brought by appellant was in form and substance, and for all purposes, an appeal from a decision of the City of Jackson and that exclusive jurisdiction was in the circuit court pursuant to § 11-51-75. Therefore, the chancery court did not err in finding lack of jurisdiction on the complaint requesting injunctive relief.

*Id.*

¶11. The assertions by Benedict that he did not have a final decision to appeal when he filed his complaint are without merit. This Court has said that any act is appealable. It does not have to be an order or formal judgment. ***See South Central Turf***, 526 So. 2d at 561**.** Therefore, Benedict's remedy from the action of Hattiesburg holding the election is provided for in circuit court. Benedict should have filed a bill of exceptions in circuit court. Therefore, the chancellor was correct in holding that the chancery court lacked subject matter jurisdiction. When Benedict filed his amended complaint on November 10, it was after the election and after the results had been certified on November 6. Benedict could have, at that time, moved to transfer his case to circuit court where the court would have proper subject matter jurisdiction.

¶12. Moreover, this Court has also stated that inadequacy of the remedy at law is the basis upon which the power of injunction is exercised. An injunction will not issue when the complainants have a complete and adequate remedy by appeal. This Court has held that a county supervisor's request for injunctive relief from the board of supervisors' ruling was properly denied since the statutory method of appeal to the circuit court under § 11-51-75 afforded the complainant a plain, adequate, speedy and complete remedy for a judicial determination of his right. ***Moore v. Sanders***, 558 So. 2d 1383 (Miss. 1990). Even if Benedict's prayer for injunctive relief had not been moot, it was improper, because his adequate remedy at law was statutory.

¶13. Benedict argues that his injunctive relief is still alive because the city grants liquor licenses and Benedict is attempting to enjoin Hattiesburg from implementing the results of the election. Furthermore, he asserts that the prayer for declaratory relief is neutral, and the chancery court had proper pendent jurisdiction. Pursuant to the statute itself and ***Moore v. Sanders***, the chancellor was correct in rejecting these arguments. Benedict's injunctive relief should have been denied whether it was moot or not. Thus, the declaratory relief cannot have pendent jurisdiction. This assignment of error is without merit and must fail. The clear language of the statute and the corresponding case law provides that Benedict had an exclusive remedy under § 11-51-75 and that this statute and the timeliness of Benedict's filing will ultimately control.

¶14. As to Hattiesburg's claims that Benedict lacks standing, this Court finds them to be without merit. The issue of standing was raised in Hattiesburg's motion to dismiss. However, the chancellor did not address them. He specifically stated that he was dismissing the case because of a lack of subject matter jurisdiction alone. Hattiesburg failed to address the first issue before this Court of whether the chancellor erred in finding that the chancery court lacked subject matter jurisdiction; instead, Hattiesburg argued Benedict's lack of standing. This Court may sua sponte dismiss a case for lack of standing whether it was raised in the court below or not. Addressing the issue before this Court, the first assignment of error fails.

## II. IN THE ALTERNATIVE, IF THE CHANCERY COURT DID NOT HAVE JURISDICTION OF THE SUBJECT CASE, THE PROPER REMEDY WAS NOT DISMISSAL, BUT TRANSFER TO THE CIRCUIT COURT PURSUANT TO ARTICLE 6, § 162 OF THE MISSISSIPPI CONSTITUTION OF 1890.

¶15. Benedict argues that Article 6, § 162 of the Mississippi Constitution of 1890 requires the chancellor to transfer the case to circuit court. Hattiesburg and CBL contend that it is time barred

because it was not filed ten days from the judgment in favor of Hattiesburg. Both Hattiesburg and CBL contend that the case should be dismissed because it is time barred. Benedict responds that his November 10 filing of an amended complaint satisfies the ten-day requirement in § 11-51-75. The parties in this suit again are bogged down in irrelevant issues. The question this Court must answer is whether the chancellor erred in dismissing the case rather than transferring it to circuit court. If not, then the complaint was properly dismissed and the case should be affirmed. If the chancellor did err, then the case should be reversed and remanded to the Circuit Court of Forrest County. There the circuit court judge may then determine whether or not the suit is time barred. As to the question now before this Court, whether or not the suit is time barred is irrelevant. It has no bearing on the chancellor's decision to dismiss rather than transfer the case. We must focus on the query before this Court: Was there manifest error in dismissing the case rather than transferring it to circuit court pursuant to Article 6, § 162 of the Mississippi Constitution of 1890?

¶16. Article 6, § 162 reads as follows: "All cases that may be brought in the chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to circuit court." Miss. Const. of 1890, art. 6, § 162 (1890). This Court has held that a chancellor's failure to transfer when a demurrer was requested on the basis of lack of subject matter jurisdiction amounts to reversible error. *Moore v. Miss. Hosp. and Medical Serv.*, 317 So. 2d 919 (Miss. 1975). In *Moore* the chancellor sustained a demurrer on the basis of lack of subject matter jurisdiction because the complaint was filed in chancery court when jurisdiction was vested with circuit court. *Id.* at 920. The question before the Court was whether the chancellor should have transferred the case to circuit court rather than dismissing the complaint -- exactly the question before this Court. If ever a case was on "all fours," this one is. This Court held that: "[T]he demurrer was properly sustained, but that the trial court erred in dismissing the cause. It should have been transferred to the circuit court. *See* Section 162, Mississippi Constitution (1890) and *Layne Central Co. v. Gulf Coast Ice Co.*, 171 Miss. 94, 157 So. 84 (1934)." *Moore*, 317 So. 2d at 920.

¶17. There is no doubt that the chancellor's action in dismissing the case sub judice was manifest error and the proper remedy would have been to transfer the case to circuit court pursuant to the Mississippi Constitution and the case law of Mississippi. This issue is meritorious and the lower court must be reversed.

## CONCLUSION

¶18. The chancellor was correct in holding that the chancery court lacked subject matter jurisdiction. However, rather than dismissing the case, he should have transferred it to circuit court. Miss. Const. of 1890, art. 6, § 162 (1890); *Moore v. Miss. Hosp. and Medical Serv.*, 317 So. 2d 919 (Miss. 1975). This case is therefore reversed and remanded to Forrest County Circuit Court.

¶19. **REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. Since this case was dismissed as a matter of law, the case, in its present posture, is purely procedural. Therefore, the statement of the case and the statement of the facts have been combined as they are identical.

2. The case was filed originally in Lamar County rather than Forrest County.