# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-02450-SCT

*FEDERATED MUTUAL INSURANCE COMPANY*

*v.*

*KEVIN DARRIN McNEAL*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 11/04/2004 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM BIENVILLE SKIPPER |
| ATTORNEYS FOR APPELLEE: | ROBERT G. GERMANY |
| | EUGENE COURSEY TULLOS |
| | MARK K. TULLOS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 11/30/2006 |
| MOTION FOR REHEARING FILED: | 04/13/2006 |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     The appellee's motion for rehearing is denied.  The previous opinion is withdrawn, and these opinions are substituted therefor.

¶2.     After collecting benefits from his employer's workers' compensation insurer, an injured employee filed suit against an allegedly negligent third party.  When the suit was settled, the insurer requested reimbursement for workers' compensation benefits paid to the employee, but the circuit court, citing the "made whole" doctrine,[1] refused to order the

---

[1] Under the "made whole" doctrine, a plaintiff must be made whole, that is, recover all damages, before an insurer is allowed to enforce its contractual right to subrogation.

repayment. Claiming an absolute statutory right to reimbursement, the insurer filed this appeal without first formally seeking intervention in the case. The questions presented are whether the insurer is properly before this Court and, if so, whether the judicially-created "made whole" doctrine preempts Miss. Code Ann. Section 71-3-71 (Rev. 2000), which grants to a workers' compensation insurer a lien against any amount recovered by an employee from a third party.

## BACKGROUND FACTS AND PROCEEDINGS

¶3.     Kevin Darrin McNeal was injured while delivering fuel to a customer of his employer, John Weatherford, Inc., who maintained a workers' compensation insurance policy with Federated Mutual Insurance Company ("Federated"). McNeal applied for and was paid workers' compensation benefits.

¶4.     McNeal filed a complaint in the Circuit Court of Smith County, Mississippi, against Navistar International Truck and Engines Corp. ABA Corporation, and Waters International Trucks, Inc., alleging these defendants negligently caused the accident that led to his injuries. A Smith County jury assessed McNeal's total damages at $2,250,000.00 against Navistar International Truck and Engines Corporation, ABA Corporation, and Waters International Trucks, Inc. The jury also found McNeal to be twenty-five percent at fault, and a judgment was entered in McNeal's favor for $1,687,500.00.

¶5.     The defendants appealed to this Court, but the parties reached a settlement before the conclusion of the appeal. After being informed of the settlement, this Court remanded the matter to the Smith County Circuit Court. In its order approving the third-party settlement, the circuit court noted that McNeal disputed Federated's entitlement to a workers' compensation

2

subrogation lien and directed the parties to deposit the disputed portion of the settlement funds in an interest bearing account maintained by McNeal's attorney.

¶6.    Federated, who had never formally sought intervention in the case and was not a party, filed a Motion to Compel Compliance with Section 71-3-71 requesting the circuit court order McNeal to reimburse it for all workers' compensation benefits paid to him.  The circuit court denied Federated's motion,[2] holding that the "made whole" doctrine announced in *Hare v. State*, 733 So. 2d 277 (Miss. 1999), applied to workers' compensation subrogation liens.  The circuit court further held that McNeal had not been made whole by the amount he received in settlement and that, until he was made whole, Federated was not entitled to repayment of its lien.  Upon learning its motion was denied, Federated perfected an appeal to this Court.

## DISCUSSION

¶7.    On appeal, Federated raises only the question of "[w]hether the lower Court erred in holding the equitable 'made whole' doctrine applies to statutory workers' compensation subrogation liens, despite the clear language of Miss. Code Ann. § 71-3-71."

### I.    Mississippi Workers' Compensation Act

¶8.    The Mississippi Workers' Compensation Act grants to a workers' compensation insurer the statutory right to reimbursement of benefits paid an injured worker in the event the worker recovers from a responsible third party.  The pertinent portion of the statute provides:

> [A]ny amount recovered by the injured employee or his dependents (or legal representative) from a third party **shall** be applied as follows: reasonable costs

---

[2] In denying this motion, the circuit court relied on an unpublished opinion from the Hinds County Circuit Court, which cited an Arkansas Supreme Court case, *General Accident Insurance Co. of America v. Jaynes*, 33 S.W.3d 161 (Ark. 2000).

3

of collection as approved and allowed by the court in which such action is pending, or by the commission of this state in case of settlement without suit, shall be deducted; **the remainder, or so much thereof as is necessary, shall be used to discharge the legal liability of the employer or insurer**; and any excess shall belong to the injured employee or his dependents.

Miss. Code Ann. § 71-3-71 (Rev. 2000) (emphasis added).

¶9.     Thus, the statute unambiguously provides that, after deducting the costs of collection and attorneys' fees, any recovery from a third party (whether by award or through settlement) must be applied first to repay the workers' compensation insurer for benefits it paid the claimant.     This Court, stating the statute must be strictly interpreted according to its mandatory language, has uniformly and consistently applied the statute and required reimbursement.     *See, e.g.*, ***Miss. Power Co. v. Jones***, 369 So. 2d 1381, 1387 (Miss. 1979) ("The statute is plain and unambiguous."); ***Litton Sys., Inc. v. Murphree***, 301 So. 2d 850, 852-53 (Miss. 1974) (statute means "exactly what it says; that is, that the employer and insurer are entitled to recover compensation paid."); ***Merchants Co. v. Hutchinson***, 199 So. 2d 813, 815 (Miss. 1967) ("Mississippi law is clear and unambiguous on the procedure to be followed by the employer or its insurer in intervening or joining in the cause of action.     It is equally clear and unambiguous in setting forth the mandatory distribution to be made of any amount recovered.").

¶10.     Clearly, the requirements for application of Section 71-3-71 are met by the facts of this case:   Federated paid workers' compensation benefits to McNeal pursuant to the Mississippi workers' compensation statutes,   and   McNeal recovered money from   the   third-party defendants.     Thus, the money recovered by McNeal from the defendants, after deducting collection and attorneys' fees, must next be used to reimburse the workers' compensation

4

provider. Therefore, McNeal is statutorily required to reimburse Federated for the workers' compensation benefits it paid him.

## II. The "Made Whole" Doctrine

¶11. In refusing to order the reimbursement, the circuit court relied on this Court's decision in *Hare*, 733 So. 2d at 279, wherein Hare was insured by both a health insurance policy and an uninsured motorist policy. Hare suffered injuries in an automobile accident and collected approximately $6,000 in medical benefits from his health insurance policy, which included the following subrogation language: "[t]he plan shall be subrogated and shall succeed to the right of the Employee . . . to recovery against any person, organization or other carrier." *Id.* Thereafter, Hare settled with his uninsured motorist carrier for $10,000, and the health insurance carrier sought reimbursement pursuant to its subrogation agreement. *Id.*

¶12. In *Hare,* this Court engaged in a detailed analysis of the "made whole" rule, defining it as "the general principle that an insurer is not entitled to equitable subrogation until the insured has been fully compensated." *Id.* at 281. This decision was based on equitable common law principles which supported the conclusion that until the insured had been fully compensated – or made whole – no double recovery would occur. *Id.* at 284. This Court further stated, "the general intent of subrogation (and the stated intent of [Hare's health insurance policy]) is to prevent a double recovery by the insured." *Id.* at 285. Finally, this Court noted that the "made whole" rule "is not to be overridden by contract language, because the intent of subrogation is to prevent a double recovery by the insured . . . ." *Id.* at 284. Thus, because this Court found

that Hare had not been fully compensated for his injuries, the health insurance carrier was not allowed to enforce its otherwise valid and enforceable contractual right of subrogation. *Id.*

¶13. Federated's subrogation rights do not spring from a contractual agreement as in *Hare*, but rather are conferred by Section 71-3-71. As the Court of Appeals stated in *Mississippi Food & Fuel Workers' Compensation Trust v. Tackett*, 778 So. 2d 136, 143 (Miss. Ct. App. 2000), a workers' compensation insurer's right of reimbursement "exists by virtue of statute and must rise or fall strictly as a matter of statutory interpretation." In reversing and rendering a chancery court's order denying a workers' compensation insurer its right of reimbursement, the Court of Appeals noted, "[a] chancellor, despite his broad equitable powers, is not free to disregard the clear guidance of a pertinent statute simply because he concludes that it would be unfair on the particular facts of the case to apply the statute according to its terms." *Id.*[3]

¶14. Thus, we find the circuit court erred when it applied the equitable "made whole" doctrine to the statutory right of subrogation provided in Section 71-3-71. The Mississippi Workers' Compensation Act unambiguously provides the method for distributing proceeds when, as here, an injured employee recovers from a third party.

¶15. The circuit court's reliance on an unpublished opinion from the Hinds County Circuit Court[4] was error. First, our trial courts are not free to decide issues according to authority

---

[3] We also recently declined to apply the "made whole" rule to an Uninsured Motorist/Under Insured Motorist case. *See United Servs. Auto. Ass'n v. Stewart*, 919 So. 2d 24, 30 (Miss. 2005).

[4] The circuit court cited the unpublished Hinds County Circuit Court opinion of *Mississippi Insurance Guaranty Ass'n v. Brewer*. On July 26, 2005, the Mississippi Court of Appeals issued its decision in *Mississippi Insurance Guaranty Ass'n v. Brewer*, 922 So. 2d 807 (Miss. Ct. App. 2005). One assignment of error in *Brewer* was the trial court's ruling that the "made whole" doctrine applied to workers' compensation subrogation liens. *Id.* at 812. In reversing the trial court, the Court of Appeals

6

found in unpublished circuit court opinions. Additionally, the Arkansas case cited by the Hinds County Circuit Court is inapposite. In *Jaynes*, the Arkansas Supreme Court applied the "made whole" doctrine to an Arkansas workers' compensation subrogation lien statute which had previously been found vague and ambiguous. 33 S.W.3d at 165. The Arkansas statute entitled the compensation carrier to a first lien on only two-thirds of the net proceeds recovered in a third-party action. *Id.* The statute required one-third of the remainder of the proceeds go to the injured employee. *Id.* Considering the depth and breadth of Mississippi precedent on this question, reliance on a foreign jurisdiction's interpretation of its own markedly different subrogation statute is unnecessary.

¶16. Thus, in the case before us today, Federated is entitled to satisfaction of its workers' compensation subrogation lien in the amount of $66,412.10.

### III. Federated's Failure to Intervene

¶17. Relying only on its statutory right of subrogation, Federated appealed the circuit court's decision denying its motion for subrogation. Federated admits it did not formally pursue intervention pursuant to Rule 24 of the Mississippi Rules of Civil Procedure but, instead, filed a motion for enforcement of its lien. Federated pointed out in oral argument that our case law has not required a workers' compensation insurer to intervene or join in an employee's third-party suit in order to assert its statutory lien. Indeed, Federated is correct, as this Court has never required the insurance carrier to join or intervene in an employee's third-party litigation

---

held that the workers' compensation insurer "ha[s] a statutory right of subrogation for monies paid to" the claimant. *Id.* at 813. Therefore, the circuit court's reliance on the unpublished circuit court opinion in denying Federated's subrogation reimbursement was misplaced.

7

to validate or enforce its subrogated claim to the proceeds recovered in that litigation. *See, e.g.,* ***Sneed v. Verdun***, 611 So. 2d 947, 948 (Miss. 1992); ***Kidwell v. Gulf, Mobile & Ohio R.R.***, 168 So. 2d 735, 736 (1964). However, the question before us today is different. The issue is not whether Federated is entitled to subrogation without intervention, but rather whether Federated may appeal the circuit court's decision without intervention.[5]

¶18. Although Mississippi lacks relevant precedent on this subject, we find the Fifth Circuit's approach to appeals by non-parties who did not intervene to be well-reasoned and instructive. In ***SEC v. Forex Asset Management LLC***, 242 F.3d 325, 328-29 (5th Cir. 2001), the Fifth Circuit examined whether investors could appeal a district court's order approving a Receiver's distribution plan when the investors were not parties named in the SEC's complaint and never sought to intervene under Rule 24 of the Federal Rules of Civil Procedure.[6] Acknowledging the general rule that non-parties lack standing to appeal, the Court applied a three-part test to determine whether the investors, as non-parties, could nonetheless appeal the district court's order. *Id.* at 329. Under this test, a court inquires whether "the non-part[y] actually participated in the proceedings below, the equities weigh in favor of hearing the appeal, and the non-part[y] ha[s] a personal stake in the outcome." *Id.* (Citations omitted).

---

[5] The dissent correctly points out that Federated failed to strictly comply with the mandates of Rule 24. If this case involved Federated's failure to comply with statutory requirements, the dissent's arguments would be well-taken. However, strict compliance with procedural rules is capable of being waived. See ***Young v. Huron Smith Oil Co.***, 564 So. 2d 36, 39 (Miss. 1990) (party waived issue of compliance with the service requirements of M.R.C.P. 4). In this case, no party ever raised the issue of Federated's formal intervention, and the matter only arose in response to a question posed to counsel at oral argument.

[6] Rule 24 of the Federal Rules of Civil Procedure and Rule 24 of the Mississippi Rules of Civil Procedure use virtually the same language to describe the requirements for intervention of right and permissive intervention. Both Rules also require the same intervention procedure.

Finding the investors satisfied each prong of the three-part test, the Fifth Circuit determined the investors had standing to appeal. *Id.* at 330. However, the Fifth Circuit cautioned, and we agree, "that this decision does not indicate that parties will be given a free pass to avoid complying with the rules of intervention." *Id.*

¶19. Looking to the first requirement of whether Federated actually participated in the proceedings below, the circuit court and all parties to the litigation accepted Federated as having intervened in the proceedings. No objection was ever raised to Federated's active participation. As to the second condition – weighing the equities of hearing the appeal – we again find in favor of Federated. The circuit court's improper imposition of the "made whole" doctrine substantially affects Federated's statutory subrogation rights. As previously discussed, the application of Section 71-3-71 clearly requires McNeal to reimburse Federated for the workers' compensation benefits paid out on his behalf in the amount of $66,412.10. Finally, the repayment of money owed to it under Section 71-3-71 gives Federated a personal stake in the outcome, satisfying the third requirement for non-party standing.

¶20. Although the formal procedural requirements of Rule 24 were not met, no objection was raised to either Federated's participation in the trial court or its pursuit of this appeal. Additionally, Federated satisfies the test for non-party standing to appeal under *Forex*. However, we stress that the better practice for insurers who anticipate the possible need for judicial assistance in enforcing their liens is to file a formal intervention in accordance with the provisions of Rule 24 of the Mississippi Rules of Civil Procedure.

## CONCLUSION

¶21.    For the reasons stated, we reverse the trial court's refusal to order payment to Federated based upon the "made whole" rule, and we remand this case for further proceedings consistent with this opinion.

¶22.    **REVERSED AND REMANDED**.

**SMITH, C.J., WALLER AND COBB, P.JJ., AND CARLSON, J., CONCUR.  DIAZ, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY, GRAVES AND RANDOLPH, JJ.**

**DIAZ, JUSTICE, DISSENTING:**

¶23.    Because Federated Mutual, a non-party, has no standing to appeal in this case, I must respectfully dissent.   It is absolutely uncontested that Federated Mutual never intervened at the trial court level.   The majority opinion finds that, even though Federated did not intervene via M.R.C.P. 24, it should be allowed to appeal an action in which they were not formally involved. This is contrary to our precedent applying Rule 24 and the Rules of Civil Procedure in general. "We have repeatedly required strict compliance with the appeal provisions of our rules and appeal statutes." ***Bertucci v. Miss. Dep't of Corrs.***, 597 So. 2d 643, 647 (Miss. 1992).

¶24.    Indeed, Federated Mutual never even sought to intervene, and only now asks on appeal that we accept it as an intervenor.   To intervene in a trial court action is not difficult.   Rule 24 has one of the lowest standards of any rule: "[u]pon timely application, *anyone shall be permitted* to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action . . . ." (emphasis added).   If Federated Mutual wished to participate in the trial court proceedings, it simply needed to file a motion.

10

¶25. The majority ignores that "the rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304, 108 S. Ct. 586, 587, 98 L. Ed. 2d 629 (1988) (per curiam). The *Marino* Court concluded that "the better practice is for such a nonparty to seek intervention for purposes of appeal." *Id*. Federated Mutual could have intervened in the trial court, but it chose not to.

¶26. In examining the *Marino* opinion and applying it as precedent, the First Circuit noted that "[h]istory confirms the accuracy of th[e] description" of the "well settled" rule of not allowing appeals by non-parties. *Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d 35, 40 (1st Cir. 2000). That court ultimately concluded that "courts are powerless to extend a right of appeal to a nonparty who abjures intervention" in situations "when intervention is readily available." *Id.* at 40. In obeying *Marino*, the Seventh Circuit put it simply: "Without an appeal, we have no jurisdiction . . . [and] [w]e do not have the power to decide cases of which we lack jurisdiction, for jurisdiction is power to decide." *SEC v. Wozniak*, 33 F.3d 13, 15 (7th Cir. 1994).

¶27. A non-party attempting to appeal is apparently a matter of first impression with our Court, although we have previously decided when a motion to intervene is proper. Our precedent holds that a motion to intervene may be denied if it is filed in an untimely manner, subject to a four-part test. *City of Tupelo v. Martin*, 747 So. 2d 822, 829 (Miss. 1999) ("Regardless of whether intervention of right or permissive intervention is sought, in either case the motion must be timely"). In *Martin* we ultimately denied the motions to intervene because of untimeliness, even though that meant the "harsh" dismissal of two wrongful death

11

lawsuits. *Id.* at 829. We have required strict adherence to other Rules of Civil Procedure in the past. *Perry v. Andy*, 858 So. 2d 143, 148 (Miss. 2003) (even "pro se plaintiffs must be held to a strict compliance standard under Miss. R. Civ. P. 4(h)"); *Foster v. Noel*, 715 So. 2d 174, 182-83 (Miss. 1998) (requiring strict compliance with Rule 26 "to prevent trials from being tainted with surprise and unfair advantage").[7] We have also recently underscored the requirement of strict compliance with statutory pre-requirements to litigation. *See Arceo v. Tolliver*, __ So. 2d __, 2006 Miss. LEXIS 650 (Miss. Nov. 16, 2006) (requiring strict compliance with Section 15-1-36 (15), which requires a 60-day notice be provided to medical providers prior to suit); *Pitalo v. GPCHP-GP, Inc.*, 933 So. 2d 927 (Miss. 2006); *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 819-20 (Miss. 2006) (requiring strict compliance with Section 11-46-11(1), which requires 90 days notice prior to suit against a governmental entity).

¶28. The majority today would overrule our entire line of cases interpreting Rule 24–for apparently there is no need for a test examining timeliness, as timeliness no longer matters at all. As discussed above, the burdens of intervention are not heavy. Second, the Rules were adopted for a reason: to provide a comprehensive and orderly framework for litigation, understandable by practitioners, judges, and litigants. By casting aside the plain language of

---

[7]The majority opinion ignores these citations to the recent cases holding that we must strictly follow certain rules of civil procedure. However, the opinion fails to cite even one case that supports this proposition. Instead, it looks to *Young v. Huron Smith Oil Co.*, 564 So. 2d 36, 39 (Miss. 1990) for support. *Young* is further support for respecting the orderly language and processes the Rules provide. In that case, we found a party waived a Rule 12 defense because "we have consistently held that failure to assert the defense in an answer, motion or other pre-responsive pleading is a waiver that will be enforced." *Id.* at 39. This waiver is expressly created by the rules. M.R.C.P. 12(h)(1).

the rules and adhering to a "close enough" standard, the majority thwarts the very reason for having our rules. And as we have said before, "[a] rule which is not enforced is no rule." ***Bertucci***, 597 So. 2d at 647 (internal quotation & citation omitted).

¶29. The majority also takes a passive approach to Federated Mutual's standing before this Court that is contrary to our case law. The majority notes that "[i]n this case, no party ever raised the issue of Federated's formal intervention, and the matter only arose in response to a question posed to counsel at oral argument." This fact is meaningless, since "[t]his Court may *sua sponte* dismiss a case for lack of standing *whether it was raised in the court below or not*." ***Benedict v. City of Hattiesburg***, 693 So. 2d 377, 381 (Miss. 1997) (emphasis added). We decided likewise in ***State v. Hicks***, 806 So. 2d 261, 263 (Miss. 2002). Then Presiding Justice Smith, writing for the Court, held that even when "the issue of whether [a party] has standing to prosecute [an] appeal has not been raised by the parties, this Court may *sua sponte* address the question of standing." ***Id.*** at 263 (*citing* ***Benedict v. City of Hattiesburg***, 693 So. 2d 377, 381 (Miss. 1997).

¶30. Because the majority today ignores well-settled law, our Rules of Civil Procedure, and overturns precedent regarding the application of Rule 24 and our Rules in general, I respectfully dissent.

**EASLEY, GRAVES, AND RANDOLPH, JJ., JOIN THIS OPINION**.