982 So.2d 992 (2008)
ST. PAUL TRAVELERS INSURANCE COMPANY, Appellant
v.
Samuel "Sam" D. BURT and Kimberly "Kim" M. Burt, Appellees.
No. 2007-CA-00914-COA.
Court of Appeals of Mississippi.
May 6, 2008.
*993 M. Reed Martz, attorney for appellant.
John P. Fox, Houston, attorney for appellees.
Before MYERS, P.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Samuel D. Burt was injured in an automobile accident that occurred while he was on the job. As a result, Burt collected benefits from his employer's workers' compensation insurer, St. Paul Travelers Insurance Company ("Travelers"). Burt and his wife subsequently filed a negligence claim against his co-worker, James Easley, who was driving at the time of the accident, and the driver of the other vehicle, Roger Clements. Travelers intervened in the third-party lawsuit. Although Travelers requested that it be reimbursed in full for the workers' compensation benefits paid to Burt, the circuit court ordered that the settlement funds from the negligence action be divided equally between the Burts, their attorney, and Travelers.
¶ 2. Travelers now appeals the order disbursing the funds and claims that the disbursement is in direct violation of its statutory right to subrogation under Mississippi Code Annotated section 71-3-71 (Rev.2000). In response, the Burts filed a motion to dismiss the appeal because Travelers did not post a supersedeas bond in order to stay the disbursement of the funds.
¶ 3. We deny the Burts' motion to dismiss the appeal. We also find error in the circuit court's order disbursing the settlement funds because it contravenes the clear statutory language governing an insurer's right to subrogation. Accordingly, we reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion.

FACTS
¶ 4. Burt was an employee of Bruce Furniture Industries. While in the course of his employment, Burt was a passenger in a vehicle, which was driven by his co-worker, Easley, and was struck from behind by a vehicle driven by Clements. Due to the injuries he sustained in the accident, Burt applied for workers' compensation benefits. Burt's employer, Bruce Furniture, had a workers' compensation insurance policy with Travelers. Travelers paid Burt $7,340.26 in indemnity benefits and $20,388.95 in medical benefits, for a total of $27,729.21.
¶ 5. Burt and his wife filed a negligence claim against Easley; Clements; and Mississippi Farm Bureau Insurance, Clements's liability insurer. Travelers, as the workers' compensation insurer, intervened in the lawsuit. Both Easley and Mississippi Farm Bureau were dismissed from the lawsuit. A settlement was reached between the Burts and Clements for the amount of Clements's liability policy limit of $25,000. Travelers's agreement to the settlement was contingent upon its right to be fully reimbursed for the workers' compensation benefits it had previously paid to Burt.
¶ 6. Because the only remaining dispute was between the Burts and Travelers on the issue of reimbursement, the circuit court ordered that the parties interplead the $25,000 into the court and release Clements from the case. The circuit court, without explanation, then ordered that one-third of the funds be distributed to the Burts, one-third to their attorney, and one-third to Travelers. Thus, the Burts received $8,333.34, and their attorney and Travelers each received $8,333.33. Travelers now appeals from the circuit court's disbursement order.

*994 STANDARD OF REVIEW
¶ 7. The question presented by Travelers on appeal is one of statutory interpretation. Such an issue presents a question of law; therefore, this Court will conduct a de novo review of the circuit court's decision. Grand Casino Tunica v. Shindler, 772 So.2d 1036, 1038(¶ 8) (Miss. 2000).

ANALYSIS
1. The Burts' Motion to Dismiss
¶ 8. In response to this appeal brought by Travelers, the Burts filed a motion to dismiss. The Burts argue that Travelers failed to post a supersedeas bond to stay the disbursement of funds. We find no merit to this motion.
¶ 9. The Burts present no authority for their proposition that failure to post a supersedeas bond requires the dismissal of this appeal. The Burts cite Rule 8 of the Mississippi Rules of Appellate Procedure which clearly requires that a bond be given in order to obtain a stay of execution of the money judgment. However, the rule does not, as the Burts seem to imply, require that a bond be posted in order to appeal the judgment.
¶ 10. The issue here is whether the settlement funds were distributed as required by law. Travelers contends that it was error for the circuit judge to order payment of any proceeds to the Burts. Travelers argues that Mississippi Code Annotated section 71-3-71 requires that Travelers be fully reimbursed before Burt received a portion of the settlement award. Travelers does not seek a stay of execution of the money judgment. It instead seeks the reversal of the circuit court's order that determined how the funds were to be divided among the parties.
¶ 11. Accordingly, the Burts' motion to dismiss is not well taken and hereby denied.

2. Travelers's Statutory Right to Subrogation As a Workers' Compensation Insurer
¶ 12. Travelers argues that the circuit court erred in awarding Burt an equal share of the settlement funds before Travelers had been fully reimbursed for the workers' compensation payments made to Burt. Travelers claims that the court-ordered distribution was in contravention of its subrogation right under the Mississippi Workers' Compensation Act. Miss. Code Ann. §§ 71-3-1 et seq. (Rev.2000).
¶ 13. Section 71-3-71, in pertinent part, provides that, if a workers' compensation insurer joins an employee's suit against a third party, the insurer "shall be entitled to repayment of the amount paid by them as compensation and medical expenses from the net proceeds of such action (after deducting the reasonable costs of collection) as hereinafter provided." Miss.Code Ann. § 71-3-71. Hence, section 71-3-71 requires that the amount recovered from the third party shall be applied first to the reasonable costs of collection, then to discharge the legal liability of the insurer, and then to the injured employee if any funds remain. Id.
¶ 14. In Federated Mutual Insurance Co. v. McNeal, 943 So.2d 658, 660(¶ 9) (Miss.2006), the supreme court concluded that "the statute unambiguously provides that, after deducting the costs of collection and attorneys' fees, any recovery from a third party (whether by award or through settlement) must be applied first to repay the workers' compensation insurer for benefits it paid the claimant." Id. The language of the statute clearly mandates that the insurer must be reimbursed. Id. (citing Miss. Power Co. v. Jones, 369 So.2d *995 1381, 1387 (Miss.1979); Litton Sys., Inc. v. Murphree, 301 So.2d 850, 852-53 (Miss. 1974); Merchs. Co. v. Hutchinson, 199 So.2d 813, 815 (Miss.1967)).
¶ 15. Here, as in McNeal, the facts clearly fall within the statute. Travelers paid Burt $27,729.21 in workers' compensation benefits. The $25,000 settlement award from the Burts' negligence suit against a third party should have been divided according to the statute: first, deduct a reasonable amount for the cost of collection, then reimburse Travelers up to the amount of its subrogation lien totaling $27,729.21. Because the amount of the lien is greater than the $25,000 settlement award, there should be no distribution of funds to the Burts.
¶ 16. The circuit court was in error to deviate from the statute. Accordingly, we reverse the judgment of the circuit court and remand the circuit court's May 3, 2007, Order with direction for the circuit court to require the Burts to return the $8,333.33 they received from the court's registry or issue the appropriate order to permit collection thereof.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., LEE and MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS and CARLTON, JJ., Concur.