# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-01105-COA

**THE CITY OF CLINTON**                                                **APPELLANT**

**v.**

**MARIA JOHNSTON**                                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/06/2023 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | LINDSEY OSWALT WATSON |
| ATTORNEY FOR APPELLEE: | MARIA JOHNSTON (PRO SE) |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | APPEAL DISMISSED - 01/27/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND WEDDLE, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. The City of Clinton appeals the Hinds County Circuit Court's order granting Maria Johnston's motion for post-conviction relief (PCR). After our review, we conclude that the City of Clinton lacked standing to pursue this appeal, and this Court lacks jurisdiction. We therefore dismiss the appeal.

## FACTS

¶2. Johnston was arrested on a misdemeanor shoplifting charge in Clinton, Mississippi. In May 2022, Johnston pled guilty to shoplifting in the Municipal Court for the City of Clinton. The municipal court fined Johnston $550 and sentenced her to six months of suspended jail time, six months of supervised probation, and sixteen hours of community

service.

¶3.    In March 2023, the municipal court found that Johnston had violated the terms of her probation by testing positive for methamphetamine.  The municipal court revoked Johnston's probation and sentenced her to serve thirty days in jail or, in the alternative, drug rehabilitation.  After serving a few days of her jail sentence, Johnston opted for drug rehabilitation, so the municipal court released Johnston to a drug rehabilitation facility. Johnston completed thirty days of rehabilitation before transferring to another program.

¶4.    In July 2023, the municipal court found that Johnston failed to complete the second drug rehabilitation program.  The municipal court accordingly revoked Johnston's probation and sentenced her to serve six months in jail.

¶5.    In July 2023, while incarcerated, Johnston filed a petition for habeas corpus in the circuit court, claiming that her sentence was illegal.  After a hearing on the matter, the circuit court entered an order finding that Johnston's detention was illegal.[1]  The circuit court explicitly treated Johnston's petition for habeas corpus as a PCR motion under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA).  The circuit court expressed its concerns about "due process violations surrounding the [municipal court's] March 2023 order, the extension of [Johnston's] probation in 2022, and the satisfaction of her sentence" for her shoplifting conviction.  Because the circuit court found that Johnston's detention was illegal, the court granted Johnston's PCR motion and ordered that she be

_____

[1] Our docket in this case contains a letter from the court reporter explaining that the transcript from the PCR hearing was lost due to an "equipment malfunction." No transcript of this proceeding therefore appears in the record on appeal.

discharged from confinement.

¶6. The Hinds County District Attorney's Office filed a motion to reconsider and set aside the ruling, arguing, among other things, that the circuit court lacked jurisdiction to hear Johnston's PCR motion because Clinton's municipal court was not a "court of record" to which the UPCCRA applies. *See* Miss. Code Ann. § 99-39-5(1) (Rev. 2020). On September 28, 2023, the circuit court entered an order denying the motion. The circuit court acknowledged caselaw holding that individuals convicted and sentenced in municipal courts are not afforded relief under the UPCCRA because a municipal court is not a "court of record" for UPCCRA purposes. However, the circuit court held that the specific facts of Johnston's case "forces an exception to the rules" because Johnston raised a valid constitutional challenge to her municipal court sentence.

¶7. The City of Clinton filed a notice of appeal from the circuit court's order. Johnston did not file an appellee's brief with this Court.

## DISCUSSION

¶8. After the appeal was filed, this Court ordered supplemental briefing on several issues, including whether the City of Clinton has standing to file a notice of appeal in this case when it was not a party to the proceedings below and failed to intervene.[2]

¶9. In its supplemental brief, the City of Clinton maintains that it has standing to file the appeal in this case. In support of its argument, the City cites *Butler v. Watson (Initiative*

---

[2] Standing is a jurisdictional issue that may be raised by this Court sua sponte at any time. *Hotboxxx LLC v. City of Gulfport*, 154 So. 3d 21, 27 (¶13) (Miss. 2015).

*Measure No. 65)*, 338 So. 3d 599, 605 (¶13) (Miss. 2021), which states that a party has standing to sue where he has a "right to judicial enforcement of a legal duty of the defendant," or where he has "a present, existent actionable title or interest," and can demonstrate that this right was complete at the time of the institution of the action. The City of Clinton states that standing is also proper where a party claims to experience adverse impact from the conduct of the defendant and that the impact is different from the adverse effect experienced by the general public. *Kinney v. Catholic Dioceses of Biloxi Inc.*, 142 So. 3d 407, 413 (¶14) (Miss. 2014). The City of Clinton argues that based on the above-cited law, it has standing to pursue this appeal because the City of Clinton was the original prosecuting body seeking redress for Johnston's shoplifting offense, and the City has a right to judicial enforcement of the criminal code against Johnston for a crime committed within municipal limits. The City of Clinton asserts that its right to hold Johnston responsible for her conduct existed throughout the action and continues to exist on appeal. The City of Clinton also claims that it has been adversely impacted by both Johnston's crime and the circuit court's holding to a greater extent than the public at large.

¶10. Additionally, the City of Clinton cites *Federated Mutual Insurance Co. v. McNeal*, 943 So. 2d 658, 662-63 (¶18) (Miss. 2006), where the supreme court held that a non-party could appeal where it "actually participated in the proceedings below, the equities weigh in favor of hearing the appeal, and the non-party has a personal stake in the outcome." The City of Clinton claims that it also has standing under this test because the City participated in the first phase of the proceedings in the municipal court as the prosecutor and was therefore an

4

active participant in the underlying litigation.

¶11. However, based on the facts of the case before us, we find that the City of Clinton lacks standing to pursue this appeal.

¶12. The record reflects that Johnston was incarcerated in the Hinds County jail in Raymond, Mississippi. She filed her habeas corpus petition in the Hinds County Circuit Court, and she listed the respondents as the Hinds County Sheriff's Department and the State of Mississippi.

¶13. The Hinds County District Attorney's Office appeared and represented the State in the circuit court proceedings. Mississippi Code Annotated section 25-31-11(1) (Rev. 2018) states that "[i]t shall be the duty of the district attorney to represent the state in all matters coming before the grand juries of the counties within his district *and to appear in the circuit courts and prosecute for the state in his district all criminal prosecutions and all civil cases in which the state or any county within his district may be interested*[.]" Miss. Code Ann. § 25-31-11(1) (emphasis added). We find that the City of Clinton's interests in this matter were properly and adequately represented by the district attorney, and the City has not argued otherwise.

¶14. Subsection (4) of section 25-31-11 allows the District Attorney to designate a municipal prosecuting attorney "to appear on behalf of the district attorney pursuant to an agreement relating to appearances in certain courts or proceedings in the . . . municipality of the municipal prosecuting attorney." Miss. Code Ann. § 25-31-11(4). The statute further provides that "[s]uch agreement shall be filed with the circuit court clerk of any county where

5

such agreement shall be operative. Such agreement shall be binding upon the district attorney and county prosecuting attorney or municipal prosecuting attorney until dissolved by either of them in writing upon five (5) days' notice." *Id*. No such agreement allowing the City of Clinton to appear on behalf of the District Attorney in the circuit court proceedings below appears in the record before us.

¶15. Furthermore, the record reflects that the City of Clinton was not listed as a party in the circuit court proceedings below, and the City never sought to intervene. In *Marino v. Ortiz*, 484 U.S. 301, 304 (1988), the United States Supreme Court affirmed the judgment of the Second Circuit Court of Appeals dismissing an appeal based on its finding that petitioners who were not parties to the underlying lawsuit, and who failed to intervene for purposes of appeal, lacked standing to appeal. The Supreme Court acknowledged that "[t]he rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Id*. The Supreme Court also recognized that "that there may be exceptions to this general rule, primarily when the nonparty has an interest that is affected by the trial court's judgment" but stated that "we think the better practice is for such a nonparty to seek intervention for purposes of appeal; denials of such motions are, of course, appealable." *Id*.

¶16. Based on the foregoing, we find that the City lacks standing to pursue this appeal, and this Court lacks jurisdiction. Accordingly, we dismiss the appeal. *See Lee v. City of Pascagoula*, 402 So. 3d 752, 754 (¶3) (Miss. 2025).

¶17. **APPEAL DISMISSED.**

**BARNES, C.J., WILSON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**