KIDWELL, et al., APPELLANTS *v.* GULF, MOBILE & OHIO RAILROAD COMPANY, et al., AETNA CASUALTY & SURETY COMPANY, INTERVENOR-APPELLEE

No. 43206          November 16, 1964          168 So. 2d 735

*Quitman Ross, Collins & Tew,* Laurel, for appellants.

*Pack & Ratcliff,* Laurel, for appellee.

PATTERSON, J.

This is an appeal from the Circuit Court of Jones County where a judgment was entered on behalf of the plaintiffs below for the death of their husband and father against Gulf, Mobile, & Ohio Railroad Company and its engineer. The Aetna Casualty & Surety Company, intervenor below, was the workmen's compensation insurance carrier for the decedent's employer, and intervened in the circuit court to recover funeral expenses, lump sum payment of $100 to widow, dependent's benefits at the rate of $25 per week for each week commencing December 24, 1958, and $150 paid to the State Treasury under the Second Injury Fund provisions of the law, a total of $5,700 paid by the carrier under the provisions of the Workmen's Compensation Act.

A jury trial resulted in a verdict for the plaintiffs in the sum of $46,500. Subsequent to the rendition of such judgment the defendants, the railroad company and its engineer, prosecuted an appeal to this Court. Before the appeal was perfected, however, a compromise was reached in the sum of $40,000, such sum being paid into the registry of the circuit court. An appeal is taken

by the plaintiffs below from an order of the trial judge making a division of the proceeds of the compromise settlement in which the sum of $150 was granted the intervenor appellee, the Aetna Casualty & Surety Company, as reimbursement for an attorney's fee paid by it to counsel for the intervention.

The record reflects a finding by the trial judge that the intervenor's attorney did not appear at the trial, but that he did participate in the preparation of the judgment order and in the settlement proceedings, and in addition thereto, filed the pleadings of intervention.

The only issue involved on this appeal is whether the court below was correct in allowing an attorney's fee to be paid to the insurance carrier from the reasonable cost of collection as set forth in Mississippi Code Annotated section 6998-36 (1952).

██ █ We are of the opinion the trial court was in error in the allowance of this attorney's fee.

██ █ The intervenor's action contributed nothing to the attainment of the judgment, but only assured the intervenor, by statute, his right of reimbursement for monies expended as compensation and medical expenses or of the discharge of his legal liability therefor in the event judgment was obtained. The intervention is not required by law, but is optional on the part of the carrier. It could intervene if the prospective judgment appeared great enough to reimburse it for monies expended in accordance with section 6998-36, or it might decline to do so as discretion might dictate. The choice of intervention is that of the carrier and is not mandatory.

██ █ Section 6998-02 subsection (10) defines compensation as ''the money allowance payable to an injured worker or his dependents as provided for in this act, and includes funeral benefits provided therein,'' and does not include legal fees either therein or in other parts of the act, and of course, medical expenses

do not include legal fees. The intervenor's recovery is limited to these two items or the extinguishment of legal liability therefor and does not include legal fees.

We are of the opinion and so hold that the statute does not contemplate the inclusion of, as reasonable cost of collection, the payment of attorney's fees for intervention as a party plaintiff when the intervention is discretionary and seeks only reimbursement for compensation or medical expenses or the discharge of the carrier's legal liability therefor.

The order of the trial court is reversed and judgment is rendered here for the appellants insofar as the order allows the sum of $150 as reimbursement to the intervenor for attorney's fees from the reasonable cost of collection.

Reversed and rendered.

*Kyle, P. J., Ethridge, Gillespie and Rodgers, JJ.,* concur.