301 So.2d 850 (1974)
LITTON SYSTEMS, INC.
v.
Mrs. Mary M. MURPHREE et al.
No. 47737.
Supreme Court of Mississippi.
October 14, 1974.
White & Morse, Eldon L. Bolton, Jr., Gulfport, for appellant.
Cumbest & Cumbest, John L. Hunter, Pascagoula, for appellees.
*851 ROBERTSON, Justice:
The Circuit Court of Jackson County refused to allow Litton Systems, Inc. to intervene in a third party action brought by the heirs at law of Carl E. Murphree, deceased, against Baggett Industrial Constructors, Inc. and American Mutual Liability Insurance Company, after plaintiffs had taken a non-suit against American Mutual and had settled their claim against Baggett for $125,000.
Litton, as a self-insurer, was attempting to intervene to recover $1910 which it had paid to the plaintiffs under the provisions of the Mississippi Workmen's Compensation Act. The "Order Granting Approval of Third Party Settlement" recited in part:
"That the injuries received by the Plaintiffs were compensable and that American Mutual Liability Insurance Company and/or Litton Systems, Inc. was the insurer for Plaintiffs' decedent's employer on the date of the accident, June 1, 1972. That American Mutual Liability Insurance Company and/or Litton Systems, Inc. have paid to the benefit of the Plaintiffs a total sum of $1,910.00 in benefits under Mississippi Workmen's Compensation Act and that American Mutual Liability Insurance Company, Litton Systems, Inc. and the Plaintiffs here have all laid claim to these monies previously paid for Benefits under the Mississippi Workmen's Compensation Act and the Court, having been advised in the premises, finds that the $1,910.00 be retained in the registry of the Court for disbursal at a later date."
Before American Mutual was non-suited, Knox White, its attorney, filed a Motion of Non-Joinder, suggesting that Litton was a necessary party because Litton had paid workmen's compensation and would be entitled to recover against third party defendants. The trial court overruled the Motion of Non-Joinder.
Eldon L. Bolton, Jr., one of the attorneys for American Mutual, testified in response to questions propounded to him by his law partner, Knox White, at the hearing on Litton's Petition to Intervene:
"I informed the Court that if we had an agreement that Litton would be paid out of any judgment proceeds or any settlement that workmen's compensation paid out that we would not press the motion for non-joinder.
At that time, Mr. Shaddock and Mr. Bryan agreed that Litton would be taken care of and their rights protected if any settlement or judgment was rendered. Therefore, I think an agreed order was entered overruling the motion for non-joinder of parties. That motion was never heard because of the agreement that we had.
......
"A. Yes, I believe you had a conflict and asked me to take the motions in that morning.
"Q. Was the matter, generally that you testified to, was that reported to me?
"A. Yes, it was. Upon my return to Gulfport, it was reported to you.
"BY MR. WHITE: I have no further questions."
Mr. Shaddock and Mr. Bryan testified that they remembered no such agreement.
Mississippi Code Annotated section 71-3-71 (1972), provides:
"The acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein. If such employer or insurer join in such action, they shall be entitled to repayment of the amount *852 paid by them as compensation and medical expenses from the net proceeds of such action (after deducting the reasonable costs of collection) as hereinafter provided." (Emphasis added).
In the original third party action American Mutual was sued as a defendant. Litton Systems, Inc. was not. So Litton Systems, Inc., as the employer of the deceased and its own insurer, was not given any "reasonable notice and opportunity to join in any such action or ... intervene therein". When American Mutual suggested that Litton was a necessary party plaintiff, its motion of non-joinder was overruled. The Court's action would indicate that it had been apprised of an agreement among the attorneys. Mr. Bolton testified to that effect when he said that if "Litton would be paid out of any judgment proceeds or any settlement ... we would not press the motion for non-joinder". Litton was at least entitled under the statute to an official notice that suit had been filed and it could join or intervene therein.
The court recognized that Litton was one of the claimants when it provided in its Order Approving Third Party Settlement:
"[T]hat American Mutual Liability Insurance Company, Litton Systems, Inc. and the Plaintiffs here have all laid claim to these monies previously paid for Benefits under the Mississippi Workmen's Compensation Act and the Court, having been advised in the premises, finds that the $1,910.00 be retained in the registry of the Court for disbursal at a later date." (Emphasis added).
The appellees also contend that in any event Litton should be charged with its proportionate part of the costs of collection of the $125,000. Appellees also argue that Litton should not be allowed to recover the $500 funeral expenses paid by it under the Workmen's Compensation Act, because in a wrongful death action the heirs cannot recover funeral expenses from the third party.
Mississippi Code Annotated Section 71-3-71 (1972), provides:

"[B]ut any amount recovered by the injured employee or his dependents (or legal representative) from a third party shall be applied as follows: reasonable costs of collection as approved and allowed by the court in which such action is pending, or by the commission of this state in case of settlement without suit, shall be deducted; the remainder, or so much thereof as is necessary, shall be used to discharge the legal liability of the employer or insurer; and any excess shall belong to the injured employee or his dependents." (Emphasis added).
In this case, by settlement before trial $125,000 was recovered from the third party. Section 71-3-71 specifically answers the contention that the employer or insurer should pay a proportionate part of the costs of collection, by providing that reasonable costs of collection as approved and allowed by the court in which the suit was pending will be first paid out of any amount recovered; next, the employer or insurer "shall be entitled to repayment of the amount paid by them as compensation and medical expenses from the net proceeds of such action," and "any excess shall belong to the injured employee or his dependents."
The term "Compensation" is defined in Mississippi Code Annotated Section 71-3-3 (1972):
"(j) `Compensation' means the money allowance payable to an injured worker or his dependents as provided in this chapter, and includes funeral benefits provided therein." (Emphasis added).
We construed this provision of Section 71-3-3 in Kidwell v. Gulf, Mobile & Ohio Railroad, 251 Miss. 152, 168 So.2d 735 (1964), to mean exactly what it says; that is, that the employer and insurer are *853 entitled to recover compensation paid, and that the term "compensation" includes funeral benefits paid under the provisions of the Workmen's Compensation Act.
The trial court was in error in not allowing Litton to intervene and recover the $1910 retained in the registry of the court to cover the benefits actually paid by Litton under the requirements of the Workmen's Compensation law to the heirs at law of its deceased employee.
The judgment of the lower court is, therefore, reversed and judgment rendered here for Litton for the $1910 retained in the registry of the court.
Reversed and judgment here for appellant.
RODGERS, P.J., and PATTERSON, SMITH and SUGG, JJ., concur.