SULLIVAN, Justice,
for the Court:
Carl Walker was an electrician in the employ of O’Neal Electric. Travelers Insurance Company provided workmen’s compensation benefits to Carl Walker because the Travelers had a workmen compensation contract with O’Neal Electric. On March 25, 1979, Walker, while in the course of his employment, was working from the platform of a “High-Ranger” produced by Mobile Aerial Towers, Inc. The platform assembly of this “High-Ranger” collapsed causing Walker to fall and suffer injury.
Walker employed the law firm of Owen and Galloway. This firm instituted a third party action against Mobile Aerial Towers, Inc., in the United States District Court for the Southern District of Mississippi, alleging liability for Walker’s accident under the theories of strict liability, negligence, and breach of implied warranty.
Travelers intervened to recover the workers’ compensation benefits it had provided to Walker, although Travelers did not assist Walker in any manner nor did they pay any of the expert witness fees in the action on the products liability claim.
The trial in the district court resulted in a jury verdict in the sum of $45,000.00. Travelers had paid $24,590.79 to Walker in workers’ compensation. Under Section 71-3-71, Mississippi Code Annotated (1972), cost of collection, including attorneys fees, are to be recovered first, then the workers’ compensation carrier recovers lien and any remaining funds to be paid to the claimant. In the instant case Owen and Galloway, through their employment with Walker, charged him fifty percent (50%) of the amount of the recovery and eventually Travelers recovered the sum of $18,882.95. Then Owen and Galloway paid unto Walker $11,420.55 or one-half (Vh) of the attorneys fees they had charged him so that in essence Walker would attain some recovery from his third party action and Owen and Galloway received 25% of the judgment rather than 50%.
*778 At the conclusion of the action in the Federal District Court Owen and Galloway filed a claim against Travelers in the Chancery Court of the First Judicial District of Harrison County, Mississippi, seeking an equitable recovery for legal services performed on behalf of Travelers. The action in the state court is not based on the language of Section 71-3-71, Mississippi Code Annotated (1972), but on theories of equity and it seeks to apportion the fees and costs which accrued in the third party action.
Among other things, the Travelers filed a motion to dismiss the chancery court action for lack of jurisdiction pursuant to Rule 12 and they also filed a motion to dismiss the complaint under Rule 12(b)(6), for failure to state a claim upon which relief could be granted.
Chancellor William L. Stewart overruled the motion to dismiss for lack of jurisdiction and sustained the motion to dismiss under Rule 12(b)(6) for failure to state a claim.
Owen and Galloway appeal and assign as error that the lower court erred in dismissing the amended complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Travelers cross-appealed and assigned as error the failure of the chancellor to grant their motion to dismiss for lack of jurisdiction pursuant to Rule 12, Mississippi Rules of Civil Procedure.
I,
THE MOTION TO DISMISS FOR LACK OF JURISDICTION UNDER RULE 12, MISSISSIPPI RULES OF CIVIL PROCEDURE
Section 71-3-71, Mississippi Code Annotated (1972), provides in part:
The acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein. If such employer or insurer join in such action, they shall be entitled to repayment of the amount paid by them as compensation and medical expenses from the net proceeds of such action (after deducting the reasonable costs of collection) as hereinafter provided.
The commencement of an action by an employee or his dependents (or legal representative) against a third party for damages by reason of the injury, or the adjustment of any such claim, shall not affect the right of the injured employee or his dependents (or legal representative) to recover compensation, but any amount recovered by the injured employee or his dependents (or legal representative) from a third party shall be applied as follows: reasonable costs of collection as approved and allowed by the court in which such action is pending, or by the commission of this state in case of settlement without suit, shall be deducted; the remainder, or so much thereof as is necessary, shall be used to discharge the legal liability of the employer or insurer; and any excess shall belong to the injured employee or his dependents. (Emphasis added.)
This statute requires that the court in which such action is pending shall be the forum in which any questions or issues are raised concerning the distribution of the settlement proceeds. This view is corroborated by Vardaman S. Dunn’s work, Mississippi Workmen’s Compensation, § 235, (3rd Ed.1982), which states:
When a judgment is rendered in a third party suit and all interested parties are properly before the court, the rights of all parties are determined by the court. The proceeds are assigned in this order: 1. The reasonable cost of collection, such as attorney’s fees, is deducted. 2. The carrier is then reimbursed in full for compensation and medical benefits paid. 3. The balance or ex *779 cess is allowed the compensation beneficiary.

The court determines the rights of the parties and is required to allow and approve the reasonable cost of collection.

The proceeds remaining after the payment of the costs of collection, or so much as is necessary, must be used to discharge all liability of the carrier. The liability to be discharged includes that to accrue in the future as well as that already paid or accrued. Liability, in this sense, includes medical benefits, past and future, and death benefits where a disabled employee subsequently suffers compensable death arising out of the injury. There is no rational basis for limiting subrogation rights to the liability accrued prior to collection from the third party, and the plain mandate of the statute must be followed. (Emphasis added.)
Section 235, pages 291-292.
A reading of the statute makes the intention of the Legislature eminently clear that the court in which the action was pending is the proper forum for issues concerning the distribution of settlement proceeds and this being true, the Chancery Court of Harrison County, Mississippi, was without jurisdiction to entertain this action. The chancellor was therefore in error when he failed to grant the motion to dismiss for lack of jurisdiction.
II.
THE MOTION TO DISMISS UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED.
Owen and Galloway argue that they are entitled to equitable relief of quantum meruit for the legal services they performed on behalf of the Travelers. They contend that if they had strictly followed the statute, Walker would have received no compensation in the third party action since the Travelers demanded full payment of its lien, even though it did nothing to contribute to the prosecution of the third party claim. Most of this contention is that Section 71-3-71, Mississippi Code Annotated (1972), should not be strictly construed but interpreted by this Court so as to provide for compensation for the claimant’s attorney for legal services performed in collection of the lien on behalf of the insurance company.
This argument based on equitable theories of quantum meruit and common fund is an appealing one but is unfortunately contrary to both the statutory and caselaw of this State. As Saurín has said, “The law often allows what honor forbids.”
Section 71-3-71, Mississippi Code Annotated (1972), is as follows:
The acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein, if such employer or insurer join in such action, they shall be entitled to repayment of the amount paid by them as compensation and medical expenses from the net proceeds of such action (after deducting the reasonable costs of collection) as hereinafter provided.
The commencement of an action by an employee or his dependents (or legal representative) against a third party for damages by reason of the injury, or the adjustment of any such claim, shall not affect the right of the injured employee or his dependents (or legal representative) to recover compensation, but any amount recovered by the injured employee or his dependents (or legal representative) for a third party shall be applied as follows: reasonable costs of collection as approved and allowed by the court in which such action is pending, or by the commission of this state in case of settlement without suit, shall be deducted; the remainder, or so *780 much thereof as is necessary, shall be used to discharge the legal liability of the employer or insurer; and any excess shall belong to the injured employee or his dependents. The employee or his dependents bringing suit against the third party must notify the employer or carrier within fifteen days of the filing of such suit.
As employer or compensation insurer who shall have paid compensation benefits under this chapter for the injury or death of the employee shall have the right to maintain an action at law against any other party responsible for such injury or death, in the name of such injured employee or his beneficiaries, or in the name of such employer or insurer, or any or all of them. If reasonable notice and opportunity to be represented in such action by counsel shall have been given to the compensation beneficiary, all claims of such compensation beneficiary shall be determined in such action, as well as the claim of the employer or insurer. If recovery shall be had against such other party, by suit or otherwise, the compensation beneficiary shall be entitled to any amount recovered over and above the amount that the employer and insurer shall have paid or are liable for in compensation or other benefits, after deducting the reasonable costs of collection.
In case of settlement of any action before the trial thereof, such settlement ■shall be subject to the approval of the court wherein such action is pending, and settlement before an action is brought shall be subject to the approval of the commission. Distribution of the portion belonging to the dependents shall be made among such dependents in the manner provided in this chapter.
In case of liability of the employer or insurer to make payment to the state treasury under the second injury fund provisions, if the injury or death creates a legal liability against a third party, the employer or insurer shall have a right of action against such third party for reimbursement of any sum so paid into the state treasury, which right may be enforced in the action heretofore provided or by an independent action. (Emphasis added).
In applying this section we have consistently held that the compensation insurance carrier cannot be charged with a portion of the employee’s cost, of recovery. See Litton Systems, Inc. v. Murphree, 301 So.2d 850 (Miss.1974); Tadlock v. United States Fidelity & Guaranty Co., 219 So.2d 143 (Miss.1969);
In other cases not specifically concerned with this point, we have also recognized that the employer or his compensation insurance carrier was entitled to full reimbursement out of the proceeds of the employee’s third party recovery for the compensation benefits paid to the employee with no deduction for a share of the employee’s cost of the recovery. See Merchants Co. v. Hutchinson, 199 So.2d 813 (Miss.1967); Powe v. Jackson, 236 Miss. 11, 109 So.2d 546 (1959); and Richardson v. United States Fidelity & Guaranty Co., 233 Miss. 375, 102 So.2d 368 (1958).
That this Court may approve or disapprove of the choice of societal interest to be protected made by the legislature in Section 71-3-71, the fact remains that the legislature has the authority to make that choice and they have very clearly done so. Until such time as the legislature should in its collective wisdom choose to reassess the position they have adopted, we are without authority to grant relief to the claimant contrary to Section 71-3-71, Mississippi Code Annotated (1972).
While the chancellor incorrectly failed to grant the motion to dismiss for lack of jurisdiction, he did dismiss the action for failure to state a claim. Where the chancellor reaches the right result for the wrong reason, this Court will not disturb the judgment of the trial court. Tedford v. Dempsey, 437 So.2d 410 (Miss.1983).
We find that the complaint and amended complaint of Owen and Galloway failed to state a claim upon which relief could be granted and further, that the chancery *781 court was without jurisdiction to entertain the action in the first place.
The dismissal of the claim is therefore affirmed.
AFFIRMED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.
WALKER, C.J., not participating.