611 So.2d 947 (1992)
Thomas C. SNEED
v.
Cynthia T. VERDUN, Body Shop Supply and United States Fidelity and Guaranty Company.
No. 90-CA-0106.
Supreme Court of Mississippi.
December 31, 1992.
John H. Whitfield, Biloxi, Leonard A. Radlauer, New Orleans, LA, for appellant.
Stephen J. Maggio, Fredrick B. Feeney, II, Paul M. Franke, Jr., Franke, Rainey & Salloum, Gulfport, for appellees.
Before HAWKINS, P.J., and PITTMAN and ROBERTS, JJ.
HAWKINS, Presiding Justice, for the Court:
Thomas C. Sneed has appealed the decision of the Harrison County Circuit Court to allow United States Fidelity and Guaranty to intervene in a case involving Sneed and defendants Cynthia T. Verdun and Body Shop, after the parties effected a settlement. Finding that the intervention was allowed by statute and the Mississippi Rules of Civil Procedure, we affirm.

FACTS
Thomas C. Sneed was employed by Good Housekeeping Services, a janitorial service business in Harrison County, whose workers' compensation carrier was United States Fidelity and Guaranty Company (USF & G). On May 23, 1988, Sneed was in a motor vehicle accident in Harrison County with Cynthia T. Verdun, an employee of Body Shop Supply Company, an Alabama corporation.
On January 19, 1989, Sneed filed a complaint against Verdun and Body Shop for personal injuries received in the accident.[1]
On July 31, 1989, Sneed filed with the Mississippi Workers' Compensation Commission (the Commission) a petition for approval of a Miss. Code Ann. § 71-3-29 (1972) (originally known as "Section 9(i)" of 1948 session laws of Workers' Compensation Act) settlement with his employer and carrier, whereby he would be paid a lump sum of $25,000, releasing all claims except for Medicaid under Miss. Code Ann. § 43-13-125 (Supp. 1991).
On October 3, 1989, the Commission entered an order authorizing this settlement.
On or about November 21, 1989, while the trial against Verdun and Body Shop was in progress, the parties effected a settlement of $50,000 for Sneed's action, subject to court approval.
*948 On November 28, 1989, the Harrison County Circuit Court authorized the settlement and dismissal of the action against Verdun and Body Shop with prejudice, but retained jurisdiction for proper disbursement of proceeds pursuant to Miss. Code Ann. § 71-3-71, and directed that notice be given to USF & G.
Sneed objected to USF & G's receiving any of the proceeds under the Mississippi Workers' Compensation Act, claiming it had not timely intervened as required by Miss. Code Ann. § 71-3-71. The circuit judge's December 20, 1989, opinion rejected this contention. He allowed Sneed and his attorney to receive $20,391.50, and directed that the remainder be paid to USF & G to recover the lump sum payment and a portion of the medical expenses. The medical expenses incurred were $14,478.07.
Sneed has appealed.

LAW
Miss. Code Ann. § 71-3-71 provides in pertinent part:
The acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein. If such employer or insurer join in such action, they shall be entitled to repayment of the amount paid by them as compensation and medical expenses from the net proceeds of such action (after deducting the reasonable costs of collection) as hereinafter provided.
The commencement of an action by an employee or his dependents (or legal representative) against a third party for damages by reason of the injury, or the adjustment of any such claim, shall not affect the right of the injured employee or his dependents (or legal representative) to recover compensation, but any amount recovered by the injured employee or his dependents (or legal representative) from a third party shall be applied as follows: reasonable cost of collection as approved and allowed by the court in which such action is pending, or by the commission of this state in case of settlement without suit, shall be deducted; the remainder, or so much thereof as is necessary, shall be used to discharge the legal liability of the employer or insurer; and any excess shall belong to the injured employee or his dependents. The employee or his dependents bringing suit against the third party must notify the employer or carrier within fifteen days of the filing of such suit. (Emphasis added.)
Mississippi Rules of Civil Procedure 24(a) provides:
(a) Intervention of Right. Upon timely application, anyone shall be permitted to intervene in an action:
(1) when a statute confers an unconditional right to intervene; or
(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
Miss.R.Civ.P. 24(a).
Sneed argues on his appeal that in order for USF & G to be entitled to participate in the settlement proceeds, it was necessary that it join in the action sooner than when settlement was made in the trial.
We disagree. See Miss.R.Civ.P. 24(a); Sawyer v. Head, 510 So.2d 472, 478-79 (Miss. 1987); Guaranty Nat'l Ins. Co. v. Pittman, 501 So.2d 377, 381 (Miss. 1987); McDonald v. E.J. Lavino, 430 F.2d 1065, 1072-74 (5th Cir.1970).
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., PRATHER, SULLIVAN, PITTMAN, BANKS and ROBERTS, JJ., concur.
McRAE, J., dissents.
NOTES
[1] The complaint does not allege the name of the municipality in which the accident occurred, or the judicial district of the county. Apparently suit was filed in the First Judicial District. The county's judicial district is immaterial to this appeal and all reference to judicial district is omitted.