# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01179-COA

**EARNEST ANTONIO KEYS A/K/A EARNEST**  **APPELLANT**
**ANTONIO KEYS, JR. A/K/A ERNEST KEYS**
**A/K/A EARNEST KEYS A/K/A EARNEST KEYS,**
**JR. A/K/A EARNEST A. KEYS, JR. A/K/A**
**EARNEST KEY A/K/A EARNEST A. KEYS**

v.

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/13/2014 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EARNEST ANTONIO KEYS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | MOTION TO RECONSIDER REVOCATION OF APPELLANT'S SUSPENDED SENTENCE DENIED |
| DISPOSITION: | APPEAL DISMISSED - 09/27/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE ISHEE, CARLTON AND JAMES, JJ.

### JAMES, J., FOR THE COURT:

¶1.    Earnest Antonio Keys Jr. appeals the order revoking suspension of his seven-year

sentence for armed robbery and the denial of his motion for reconsideration of this order.

We dismiss Keys's appeal for lack of jurisdiction.

### FACTS AND PROCEDURAL HISTORY

¶2.    On July 20, 2007, Keys voluntarily pled guilty to armed robbery, in violation of

Mississippi Code Annotated section 97-3-79 (Rev. 2014). He was sentenced to serve ten years under the supervision of the Mississippi Department of Corrections (MDOC), pay a $1,000 fine, pay $250 in restitution to the Forrest County Public Defender's Fund, pay a $100 assessment to the Mississippi Crime Victims' Compensation Program, and pay all costs of court. Keys served three years of the ten-year sentence, the remaining seven years were suspended, and he was placed on postrelease supervision pursuant to Mississippi Code Annotated section 47-7-34 (Rev. 2015) for five years.

¶3. On November 23, 2011, the trial court entered an order revoking Keys's postrelease supervision and sentenced Keys to serve the remaining balance of his original sentence, which was seven years. Keys's postrelease supervision was revoked for violating sections (a) and (c) of the sentencing order and failing to pay his fines as ordered by the court. Sections (a) and (c) of the order stated that Keys was to: (1) commit no offense against the laws of this or any other state of the United States, or the laws of the United States, and (2) report to his probation or field officer as directed.[1]

¶4. On January 10, 2014, Keys filed a motion to amend and/or reconsider his revocation sentence. Keys argued that his revocation should be reversed because his charge of armed robbery was passed to the inactive files by order of the trial court. The trial court determined that Keys's challenge was simply a motion for postconviction relief (PCR) and must be filed in the trial court pursuant to Mississippi Code Annotated section 99-39-7 (Rev. 2015). The court also found that pursuant to Mississippi Code Annotated section 47-7-33 (Rev. 2015),

---

[1] Sections (a) and (c) were part of the list of terms and conditions set out for Keys's postrelease supervision.

it was without jurisdiction to alter, amend, or suspend Keys's sentence. The trial court treated Keys's motion as a PCR motion and denied it on October 13, 2014. Keys now appeals.

## STANDARD OF REVIEW

¶5. Whether the trial court had proper jurisdiction to hear a particular matter is a question of law, and we therefore apply a de novo standard of review. *Liberty Mut. Ins. v. Shoemake*, 111 So. 3d 1207, 1209 (¶7) (Miss. 2013).

## DISCUSSION

¶6. Keys filed, through his attorney, a motion to amend and/or reconsider the revocation sentence, which the court construed as a PCR motion. The trial court stated in its order that Keys's challenge to revocation must have been filed as a PCR motion pursuant to Mississippi Code Annotated section 99-39-7. Keys, through his motion to amend, requested that he be put back on probation. Keys's attorney specifically requested that the trial court "review the revocation order and reinstate [Keys's] post-release supervision or revoke for him some number of years less than the full seven years that was imposed" by the trial court.

¶7. On appeal, Keys argues that trial court (1) erred in revoking the suspension of his sentence and (2) erred in not reconsidering the revocation of his suspension. This appeal, however, is not properly before the court. An order revoking a suspension of sentence or revoking probation is not appealable. *Beasley v. State*, 795 So. 2d 539, 540 (¶5) (Miss. 2001). But we agree with the trial court's finding that Keys may pursue his claims under the Mississippi Uniform Post-Conviction Collateral Relief Act. *Id*.

3

¶8. Regarding the denial of Keys's motion to reconsider, the trial court found that pursuant to Mississippi Code Annotated section 47-7-33(1) it lacked jurisdiction to alter, amend, or suspend Keys's sentence. According to section 47-7-33(1):

> When it appears to the satisfaction of any circuit court or county court in the State of Mississippi having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in term time or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence. In placing any defendant on probation, the court, or judge, shall direct that such defendant be under the supervision of the Department of Corrections.

¶9. Keys's suit was filed in Forrest County, the court of original jurisdiction, as is required by the statute. The court did not have the power to suspend the execution of Keys's sentence after Keys had begun to serve his sentence. The court noted in its order that Keys had begun to serve his sentence and was currently in the custody of the Mississippi Department of Corrections. We agree that the trial court lacked jurisdiction and, hence, our Court is without jurisdiction. Accordingly, we dismiss this appeal.

¶10. **THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON AND GREENLEE, JJ., CONCUR. FAIR, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**