IRVING, P.J.,
concurring in part and dissenting in part:
¶33. I agree with the majority that Mississippi’s workers’ compensation law governs this case. However, I disagree with the majority that Liberty Mutual should be reimbursed the full amount of the workers’ compensation benefits that it paid Shoemake. I believe that Liberty Mutual should be reimbursed the amount that it paid minus a pro rata share of the costs of the prosecution of the civil case against the third-party tortfeasor. Therefore, I dissent. In my judgment, the circuit court reached the right result, even though it erred in finding that Alabama’s workers’ compensation law applied.
¶ 34. Mississippi Code Annotated section 71-3-71 (Rev. 2011) provides in pertinent part:
The acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein. If such employer or insurer join [sic] in such action, they [sic] shall be entitled to repayment of the amount paid by them [sic] as compensation and medical expenses from the net proceeds of such action (after deducting the reasonable costs of collection)....
¶ 35. The question presented here is whether Liberty Mutual, which paid workers’ compensation benefits to Shoemake, is entitled to full reimbursement, without a deduction for a pro rata share of the costs of collection, from the proceeds recovered by Shoemake in a civil action against the third-party tortfeasor, since Liberty Mutual did not exercise its statutory right of intervention in the civil action. Stated another way, does section 71-3-71 require the injured worker, who has successfully sued the third-party tortfeasor, to bear all the costs of collection? I do not believe that the Mississippi Supreme Court has ever spoken directly to this issue. However, I readily admit that there is dictum in McNeal suggesting that an employer or insurer that has paid benefits to an injured worker may recoup those benefits even where the employer or insurer has failed to intervene in the injured worker’s third-party civil action. However, McNeal does *9 not even speak indirectly to the question of shared costs.
¶ 36. In McNeal, the issue on appeal was not whether the insurer was entitled to be reimbursed for workers’ compensation benefits paid to an injured worker without intervention in the injured worker’s third-party civil action, but whether it could appeal, without intervention, the judgment of the circuit court denying sub-rogation because the injured employee had not been made whole. McNeal, 943 So.2d at 662 (¶ 17). In answering that question affirmatively, the supreme court observed: “Indeed, Federated is correct, as this Court has never required the insurance carrier to join or intervene in an employee’s third-party litigation to validate or enforce its subrogated claim to the proceeds recovered in that litigation.” Id. As stated, this statement is clear dictum, and the McNeal court recognized it as such, noting: “The dissent correctly points out that Federated failed to strictly comply with the mandates of Rule 24 [of Mississippi Rules of Civil Procedure], If this case involved Federated’s failure to comply with statutory requirements, the dissent’s arguments would be well-taken.” Id. at 662 n. 5 (¶ 17).
¶ 37. Unlike McNeal, today’s case involves compliance with statutory requirements. Section 71-3-71 is clear that joining in the employee’s third-party civil action is a prerequisite to the employer’s or insurer’s right to repayment of the amounts paid by them. As noted, section 71-3-71 states: “If such employer or insurer join in such action, they shall be entitled to repayment of the amount paid by them .... ” It seems to me that a proper reading and analysis of this language requires the employer or insurer to intervene in the third-party action to be absolutely entitled to repayment. This conclusion is compelled by the statute’s use of the words “if’ and “shall.” My view that intervention is required is supported by a leading authority on workers’ compensation law who argues that Rule 17(b) of the Mississippi Rules of Civil Procedure[3] makes intervention mandatory for “the employer or carrier claiming statutory reimbursement rights in a civil action in state court.” John R. Bradley & Linda R. Thompson, Mississippi Workers’ Compensation § 10:2 (Thompson-West 2008).
¶ 38. Granted, it is less clear whether the employer or insurer may, as opposed to shall, be entitled to repayment if the employer or insurer does not join in the third-party action. What is clear, however, is that section 71-3-71’s intent is to provide a procedure that will guarantee to an employer or insurer the opportunity to be repaid — by the third party or from the recovery obtained against the third party by the injured worker — the amount that the employer or insurer has paid to the injured worker. That procedure allows either the injured worker, employer, or insurer to pursue recovery against the third party.[4] However, if suit is brought *10 by the employer or insurer and reasonable notice is given to the injured worker to be represented in the lawsuit, the injured worker cannot bring a separate action against the third party, as all claims that he may have had will be settled in the employer or insurer’s lawsuit. Conversely, it also seems that the right of the employer or insurer to bring a separate lawsuit against the third party would be foreclosed where a lawsuit is brought by the injured worker and reasonable notice is given by the injured worker to the employer or insurer.
¶ 39. So what useful principles can be derived from the statutory scheme discussed in the preceding paragraph? First, an employer or insurer that pays workers’ compensation benefits to an injured employee is entitled to full reimbursement from the third-party tortfeasor for the benefits paid if the employer or insurer sues the third-party tortfeasor and recovers an amount, minus the costs of collection, that is greater than or equal to the benefits paid by the employer or insurer. Second, if the employer or insurer joins in the injured worker’s lawsuit against the third-party tortfeasor after being given the statutory notice by the injured worker, the employer or insurer is also entitled to full repayment for the amount of benefits paid if the amount of recovery, minus the costs of collection, is greater than or equal to the amount of benefits paid. Third, if the employer or insurer neither files a lawsuit against the third-party tortfeasor nor joins in the injured worker’s lawsuit against the third party, the employer or insurer’s claim for repayment may be barred or waived, or the employer or insurer may be entitled to some repayment, the exact amount to be determined by principles of equity since the employer or insurer did not share in the costs of collection of the recovery against the third party. The statute, by its plain wording, does not adjudicate or address the employer or insurer’s entitlement to repayment of benefits if the employer or insurer does not join in the injured worker’s lawsuit against the third-party tortfeasor.
¶ 40. Although the majority reverses the circuit court’s judgment and remands this case to the circuit court “to determine the exact amount of Liberty Mutual’s sub-rogation interest for the workers’ compensation benefits paid,” it fails to give any further guidance. Maj. Op. (¶ 31). I can only assume that the “subrogation interest” that the circuit court is to determine is the full amount of benefits paid, which Liberty Mutual claims is $132,402.65.
¶ 41. I cannot agree that Liberty Mutual should be reimbursed the full amount that it paid to Shoemake without being charged anything for the cost of collection. While section 71-3-71 does not define costs of collection, our supreme court has stated that costs of collection includes attorney’s fees. Owen v. Travelers Ins. Co., 499 So.2d 776, 777 (Miss.1986). It is grossly unfair and inequitable for Liberty Mutual to reap the benefits of Shoemake’s hard work in obtaining a judgment against the third-party tortfeasor without having to share in the costs of collection. For sure, it is not the purpose of section 71-3-71 to give a free ride to the employer or *11 insurer, or impose on the injured worker the burden of bearing the entire cost of recovery against the third-party tortfea-sor. Rather, the purpose is to allow the employer or insurer to be fully compensated if they take the necessary steps and bear the necessary costs, whether alone or in conjunction with the injured worker, of obtaining a judgment against the third-party tortfeasor.
¶ 42. For the reasons discussed, I dissent from that portion of the majority opinion that apparently directs the circuit court to enter judgment for Liberty Mutual in the full amount of the benefits paid without a pro rata deduction for the costs of collection.
RUSSELL, J., JOINS THIS OPINION.

. Rule 17(b) provides:
In subrogation cases, regardless of whether subrogation has occurred by operation of law, assignment, loan receipt, or otherwise, if the subrogor no longer has a pecuniary interest in the claim the action shall be brought in the name of the subrogee. If the subrogor still has a pecuniary interest in the claim the action shall be brought in the names of the subrogor and the subrogee. (Emphasis added).

. The first paragraph of section 71-3-71, which I quoted earlier in this dissent, allows the injured worker to pursue an action against the third-party tortfeasor. The third paragraph of the section permits suit against the third-party tortfeasor by the employer or insurer, and provides in pertinent part:
An employer or compensation insurer who shall have paid compensation benefits under this chapter for the injury or death of *10 the employee shall have the right to maintain an action at law against any other party responsible for such injury or death, in the name of such injured employee or his beneficiaries, or in the name of such employer or insurer, or any or all of them. If reasonable notice and opportunity to be represented in such action by counsel shall have been given to the compensation beneficiary (injured worker), all claims of such compensation beneficiary (injured worker) shall be determined in such action as well as the claim of the employer or insurer.